# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW MEXICO

| | |
|---|---|
| DUB-L-EE, LLC, a New Mexico limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>J. CARRIZAL GENERAL CONSTRUCTION, INC., a Texas Corporation; CINCINNATI INSURANCE COMPANY,<br><br>    Defendants. | No. 1:21-cv-00624-BRB-JHR |

### ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS

Before the Court are Defendant J. Carrizal General Construction, Inc. ("J. Carrizal") and Defendant Cincinnati Insurance Company's ("CIC") motions to dismiss for lack of personal jurisdiction, or, in the alternative, motions to transfer the action to the United States District Court for the Western District of Texas. (Docs. 11, 12). CIC also moves to dismiss for improper venue or to transfer to cure improper venue pursuant to 28 U.S.C. § 1406(a). The Court concludes (1) it has personal jurisdiction over both Defendants, and (2) that venue is proper in the District of New Mexico. Therefore, the Court denies Defendants' motions.

**I.**

In September 2018, the U.S. Army Corps of Engineers awarded the El Paso Water Utilities Upper Valley Strahan Road Water Transmission Main – Phase 2 ("Project") to Plaintiff Dub-L-EE, LLC ("Dub-L-EE"). Dub-L-EE subsequently subcontracted with J. Carrizal to remove and replace portions of two asphalt roadways ("Subcontract"). The Project was located in El Paso

1

County, Texas, and the entire scope of work reflected in the Subcontract was performed or performable in El Paso County, Texas.

The parties to the Subcontract then executed a Subcontract Performance Bond. CIC acted as the surety for the bond. The Subcontract Performance Bond states J. Carrizal "has by written agreement dated December 13, 2018 entered into a subcontract with [Dub-L-EE] for [the Project] which subcontract is by reference made a part hereof." Under the Subcontract Performance Bond, if J. Carrizal was declared to be in default under the Subcontract, CIC was obligated to remedy the default.

Dub-L-EE filed suit against J. Carrizal and CIC. According to the Amended Complaint (Doc. 9), J. Carrizal breached the Subcontract by deficiently performing under the terms of the contract. Dub-L-EE alleges two counts against J. Carrizal: (1) breach of contract, and (2) professional negligence. After J. Carrizal's alleged default, Dub-L-EE sent a letter to CIC demanding its performance against the Subcontract Performance Bond. The Amended Complaint alleges CIC breached the Subcontract Performance Bond by wrongfully denying Dub-L-EE's claim. Each Defendant separately moves to dismiss the Amended Complaint without prejudice for lack of personal jurisdiction, or, in the alternative, moves to transfer this case to the United States District Court for the Western District of Texas. CIC alone moves to dismiss or transfer the case for improper venue.

## II.

Defendants move under Federal Rule of Civil Procedure 12(b)(2) to dismiss this action without prejudice for lack of personal jurisdiction. According to Defendants, this Court lacks personal jurisdiction over them because they are out-of-state defendants who do not have sufficient minimum contacts with New Mexico to satisfy the Due Process Clause of the Constitution.

Defendants overlook an important characteristic of personal jurisdiction law: personal jurisdiction "is a waivable right."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985); *see also Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982).

It is well settled law that "parties to a contract may agree in advance to submit to the jurisdiction of a given court." *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315–16 (1964). Absent fraud, duress, or other coercive factors, such an agreement precludes consenting defendants from later contesting personal jurisdiction unless they can clearly show that enforcement of the clause would be unreasonable. *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *see Mueller v. Sample*, 93 P.3d 769, 772 (N.M. Ct. App. 2004) ("A contractual forum selection clause is prima facie valid and should be enforced unless unreasonable under the circumstances."). "To the extent that parties have consented to personal jurisdiction in a certain forum, application of a forum state's long-arm statute and analysis of a party's contacts with the forum state are unnecessary." *Elec. Realty Assocs., L.P. v. Vaughan Real Estate, Inc.*, 897 F. Supp. 521, 523 (D. Kan. 1995); *see also Burger King*, 471 U.S. at 472 n.14 ("Where such forum-selection provisions have been obtained through 'freely negotiated' agreements . . . their enforcement does not offend due process."). Defendants make no allegation that the forum selection clause in the Subcontract, and incorporated into the Subcontract Performance Bond, was obtained by fraud, duress, or other coercive methods.  Therefore, the only issue before the Court is whether Defendants agreed to submit to this Court's jurisdiction.

J. Carrizal agreed to submit to the personal jurisdiction of this Court by entering into the Subcontract.  The Subcontract contains the following forum selection clause:

> **Section 23.2: Venue/Jurisdiction**: This Agreement shall be deemed made in the State of New Mexico.  Subcontractor hereby expressly agrees that any civil action or arbitration regarding the interpretation, breach and/or enforcement of this

Agreement, in whole or part, shall be filed in the appropriate court or forum in New Mexico.

A similar provision was interpreted by the United States Supreme Court in *National Equipment Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315 (1964). The Supreme Court concluded: "The purpose underlying the contractual provision here at issue seems clear. The clause was inserted by the petitioner and agreed to by the respondents in order to assure that any litigation under the lease should be conducted in the State of New York." This Court reaches the same conclusion interpreting the present Venue/Jurisdiction clause, except the litigation should be conducted in the State of New Mexico. The parties agreed that the Subcontract would be considered made in New Mexico and that any dispute arising from the Subcontract would be litigated in the appropriate court or forum in New Mexico. Because this Court is an appropriate court or forum for the present civil action, J. Carrizal consented to this Court's personal jurisdiction. *See Mueller*, 93 P.3d at 773 ("A waiver of objection to venue would be meaningless, however, if it did not also contemplate a concomitant waiver of objection to personal jurisdiction.").

J. Carrizal attempts to avoid the clear import of the Subcontract's forum selection clause by invoking Texas state law to void the Venue/Jurisdiction and Governing Law provisions. Under the Governing Law clause of the Subcontract, the Subcontract "shall be governed by and construed in accordance with the laws of the State of New Mexico . . . <u>unless prohibited</u> by the laws of the state wherein the Work is performed." The work contemplated by the Subcontract was located entirely in Texas. Under Texas law:

> If a construction contract or an agreement collateral to or affecting the construction contract contains a provision making the contract or agreement or any conflict arising under the contract or agreement subject to another state's law, litigation in the courts of another state, or arbitration in another state, that provision is <u>voidable</u> by a party obligated by the contract or agreement to perform the work that is the subject of the construction contract.

Tex. Bus. & Com. Code Ann. § 272.001(b) (emphasis added).  J. Carrizal attempts to void the Venue/Jurisdiction clause by invoking this Texas statute.  But J. Carrizal cannot invoke this statute because the law of New Mexico governs this Subcontract.  Under the Governing Law provision, J. Carrizal can only invoke the Texas statute if Texas state law "prohibits" New Mexico law from governing the Subcontract or "prohibits" the Venue/Jurisdiction clause from being enforceable.  Because the Texas statute provides forum selection clauses are voidable, as opposed to void, Texas state law does not "prohibit" the enforcement of the Venue/Jurisdiction clause.  The same reasoning also extends to J. Carrizal's attempt to void the Governing Law provision.  Because that provision is only voidable under Texas law, J. Carrizal cannot void the otherwise valid Governing Law provision because it is not "prohibited" under Texas law.  New Mexico law governs the Subcontract, so the Court will enforce the parties' valid forum selection clause.

CIC also agreed to submit to this Court's jurisdiction by incorporating the Subcontract into their Subcontract Performance Bond.  On January 31, 2019, CIC entered into two separate bond agreements with J. Carrizal and Dub-L-EE.  The first, the Subcontract Labor and Material Payment Bond, incorporated the Subcontract into the terms of the bond but limited suits or actions under the bond to the state or federal courts in the county or district "in which the project, or any part thereof, is situated."  Unlike the first bond, the bond at issue here, the Subcontract Performance Bond, did not include any such forum limitations.  Instead, the Subcontract Performance Bond incorporated the Subcontract but was silent as to where suits or actions under the bond should be filed.  Because the Subcontract Performance Bond incorporated the Subcontract including its Venue/Jurisdiction provision, the Court concludes CIC impliedly consented to this Court's jurisdiction.  *See, e.g.*, *Granite Re, Inc. v. N. Lines Contracting, Inc.*, 478 F. Supp. 3d 772, 777–78


(D. Minn. 2020) (holding a subcontractor's surety was bound by a forum selection clause in the construction contract when the performance bond incorporated the construction contract).

Even if the incorporation of the Subcontract into the Subcontract Performance Bond is insufficient to find CIC impliedly consented to this Court's jurisdiction, there are sufficient minimum contacts for this Court to exercise jurisdiction over CIC without offending the Due Process Clause of the Constitution.[1] Because New Mexico state courts interpret the New Mexico long-arm statute "as being coextensive with the requirements of due process," *Sproul v. Rob & Charlies, Inc.*, 304 P.3d 18, 23 (N.M. Ct. App. 2012), this Court may properly exercise personal jurisdiction over CIC if it is consistent with due process.

Due process is satisfied when a defendant has sufficient minimum contacts with the forum state such that assertion of jurisdiction over the defendant will not violate "traditional notions of fair play and substantial justice." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011). Sufficient minimum contacts exist here. CIC executed a Subcontract Performance Bond which was collateral to the Subcontract. Moreover, the Subcontract Performance Bond incorporated the Subcontract which was governed by New Mexico law and contained a New Mexico forum selection clause. Acting as surety on this bond was an act by which CIC "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). By executing the Subcontract Performance Bond and incorporating the Subcontract,

---

[1] The New Mexico Legislature has adopted a consent by registration statute, under which foreign corporations consent to general personal jurisdiction within New Mexico by registering to conduct business and designating a registered agent within the state. *See Werner v. Wal-Mart Stores, Inc.*, 861 P.2d 270 (N.M. Ct. App. 1993). Because the Court concludes there is specific personal jurisdiction over CIC, the Court does not reach Plaintiff's consent by registration argument.

CIC should "reasonably anticipate being haled into court" in New Mexico. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Because the Court finds CIC either impliedly consented to the Court's jurisdiction or has sufficient minimum contacts with New Mexico to satisfy due process, the Court finds it has personal jurisdiction over CIC.

The Court concludes it has personal jurisdiction over both Defendants, therefore it is unnecessary to decide whether the Court should transfer the action pursuant to 28 U.S.C. § 1631 to cure jurisdictional deficiencies.

### III.

CIC also challenges whether venue is proper in this Court. CIC moves under Federal Rule of Civil Procedure 12(b)(3) to dismiss the action for improper venue, or, in the alternative, moves to transfer the action under 28 U.S.C. § 1406(a) to cure improper venue. Under 28 U.S.C. § 1391(b)(1), a "civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." The statute goes on to read, "[f]or all venue purposes . . . an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* § 1391(c)(2). J. Carrizal and CIC—the only defendants in the present action—are both deemed to reside in the District of New Mexico because they are both entities subject to the Court's personal jurisdiction. Therefore, venue is proper in this Court because both Defendants reside in the District of New Mexico. It is therefore unnecessary to decide whether the action should be transferred under 28 U.S.C. § 1406(a) to cure improper venue.

\*       \*       \*

For the reasons stated herein, Defendants' Motions to Dismiss (Docs. 11, 12) are DENIED.

This matter is referred to the United States Magistrate Judge for scheduling.

                          Entered for the Court
                          this 26th day of October, 2021

                          Bobby R. Baldock
                          United States Circuit Judge
                          Sitting by Designation